IN IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

BDO USA P.C.,
    Plaintiff,

v.                                                                    Civil No. 3:24cv012 (DJN)

CALEB CRANDELL,
    Defendant.

## MEMORANDUM ORDER
### (Denying Motion to Dismiss for Improper Venue and Motion to Transfer)

This matter comes before the Court on Caleb Crandell's ("Defendant") Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer to the District of Colorado, ("Motion" (ECF No. 13)). There, Defendant moves the Court to dismiss the case under Federal Rule of Civil Procedure 12(b)(3), because venue is allegedly improper. (ECF No. 14 at 1–3.) Alternatively, Defendant contends that the Court should transfer this case to the District of Colorado under 28 U.S.C. § 1404(a), which constitutes this litigation's center of gravity, (*id.*), despite his consent to a forum selection clause conferring exclusive jurisdiction over disputes between the parties to Virginia courts, (ECF No. 1-3 ("Compl.")). For the following reasons, the Court DENIES Defendant's Motion, (ECF No. 13). Venue is proper in Virginia's Eastern District and transfer would be improper under 28 U.S.C. § 1404(a).

## I.    BACKGROUND

This litigation arises out of Defendant's employment agreement with BDO USA, ("Plaintiff" or "BDO"), his previous employer. BDO constitutes a professional services corporation that provides accounting, tax and consulting services to clients around the country, with offices in over thirty states. (Compl. ¶ 24.) While at BDO, Defendant was a partner in the

Denver, Colorado office, where he has been a leader in their tax practice since 2020. (*Id.* ¶ 27.) In early November of 2023, however, Defendant left BDO's Denver office to join the tax practice of a rival firm in the city. (*Id.* ¶ 47.) Shortly after his departure, four other BDO employees also left to join the rival firm — each of these employees were part of Defendant's team at BDO. (*Id.* ¶ 50.) Not long after this small exodus, "BDO learned that three clients to whom [Defendant] provided direct services during his employment at BDO were taking their business to [the rival firm]." (*Id.* ¶ 55.) This series of events led to the instant suit, where Plaintiff now alleges that Defendant breached his partnership and employment agreements, both of which included a non-solicitation clause. (*Id.* ¶¶ 83–117.) Plaintiff also brings two common law claims against Defendant, alleging that Defendant breached both his duty of loyalty and his fiduciary duties. (*Id.* ¶¶ 118–30.)

The substance of the counts brought against Defendant, however, are not at issue in the instant Motion. Rather, Defendant moves the Court to dismiss this case for improper venue or to otherwise transfer the case to the District of Colorado under 28 U.S.C. § 1404(a). However, Defendant entered into an Employment Agreement with BDO on June 14, 2023, which contained various restrictions on his post-employment opportunities and an Amendment ("First Amendment") to that agreement on August 14, 2023, which contained a forum-selection clause.[1] (*Id.* ¶¶ 40–44.) For instance, the Employment Agreement contained a non-solicitation provision, wherein Defendant committed not to solicit other BDO employees or the clients that he served while at BDO, unless he paid certain fees. (*Id.*) And, as part of the First Amendment, Defendant

---

[1] Defendant entered into an employment agreement on June 14, 2023, three years after beginning employment with BDO, because BDO converted from a Limited Liability Partnership to a Delaware professional services corporation. (Compl. ¶ 32.) The aspects of the Employment Agreement that are material here — the non-solicitation provisions — are "substantively identical to the Partnership Agreement's" provisions. (*Id.* ¶ 39.)

2

consented to "venue and jurisdiction solely before any state or federal court in Virginia" and "waive[d] any right to raise the questions of jurisdiction and venue in any action that [BDO] may bring." (*Id.* ¶44.) In other words, the terms of the Employment Agreement rendered venue and jurisdiction in Virginia as mandatory rather than permissive. (*Id.*)

Thus, with Defendant having moved to transfer this case or dismiss for improper venue, the question is twofold. First, the Court must determine whether venue is proper. Plaintiff contends that such is the case, because Defendant consented to venue in this district in the First Amendment to his Employment Agreement. (ECF No. 20 at 5.) Thus, the Court must review whether a forum-selection clause governing a Colorado employee that was bargained for in Colorado can be enforced by a federal court sitting in Virginia and whether doing so properly vests venue with the Court. Then, even if the Court concludes that it could enforce the forum-selection clause, it must also find that doing so would not be unreasonable under the circumstances. *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991). If enforcing the forum-selection clause would be unreasonable, then the Court may decline to enforce it, which affects the transfer analysis under 28 U.S.C. § 1404(a).

## II. DISCUSSION

### A. Distinguishing Choice of Forum from Choice of Law

At the outset, the Court emphasizes the distinction between choice of forum and choice of law. Choice of forum — the issue presented by Defendant's Motion — requires courts to determine *where* a case may be heard in light of the relevant governing principles and precedent. Choice of law — an issue outside the scope of Defendant's Motion — relates to the substantive law that applies to a dispute, regardless of where that case is heard. While these issues may

3

interrelate, as the ultimate forum may influence the choice of law question, they are ultimately two different, discrete issues.

This distinction proves crucial, as the precedent governing these two aspects are not identical. Enforcement of a forum-selection clause implicates federal law, and as such, "the court will apply federal law and in doing so, give effect to the parties' agreement." *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010); *see Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) ("We therefore hold that in this diversity suit, the enforceability of the forum selection clause is governed by federal law"). By contrast, when determining *which* law to apply, the Court applies Virginia choice-of-law principles. *Fountain Enterprises, LLC v. Markel Ins. Co.*, 568 F. Supp. 3d 613, 619 (E.D. Va. 2021); *Bilancia v. Gen. Motors Corp.*, 538 F.2d 621, 623 (4th Cir. 1976). Those principles, which vary depending on the substance of the underlying dispute, guide the Court in selecting which state's laws apply. Accordingly, the Court proceeds by applying federal law to whether the forum-selection clause can be enforced. Importantly, the Court makes no judgment about which state's law will apply, as that question has not been briefed and is not before the Court.[2]

### B. The Forum-Selection Clause is Enforceable and Provides the Court with Venue

Provided that a forum-selection clause is contractually sound, the Court — sitting in diversity — must enforce it. *M.S. Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). In determining the validity of a forum-selection clause, as noted above, the Court does so with

---

[2] At times, Defendant does appear to make arguments related to choice of law by relying on case law relevant to the choice-of-law question. However, because his Motion to Dismiss is styled as one under Federal Rule of Civil Procedure 12(b)(3), rather than 12(b)(6), the Court does not consider the merits of any argument that Defendant makes regarding the choice-of-law question. Plaintiff also concedes "that the choice of law issue not before the Court on this motion." (ECF No. 20 at 12.)

reference to federal, not state law, unless the contract containing the forum-selection clause requires that it be interpreted otherwise. *Albemarle Corp.*, 628 F.3d at 649–50. Thus, even if Defendant correctly argues that the forum-selection clause would be invalid under Colorado law, (ECF No. 31 at 6, 8), Colorado law rests inapposite to the question presented here, as the contract does not require that it be interpreted pursuant to Colorado law. *Accord Parks v. Newmar Corp.*, 2019 WL 5298778, at *2 (E.D. Va. Oct. 18, 2019) ("The Fourth Circuit has held that, in determining whether a forum-selection clause is valid, this Court applies federal law, not state law.").

Defendant attempts to create an embedded state choice-of-law question that justifies finding the forum-selection clause invalid. However, that attempt misses the mark, as the only relevant law when it comes to enforcing a forum-selection clause in this case is federal law, regardless of whether applicable state law would find it nugatory. (ECF No. 14 at 11.) Defendant relies on the Fourth Circuit's decision in *Albemarle*, where it interpreted a forum-selection clause with reference to English law rather than federal law, to urge this Court to interpret this forum-selection clause with reference to Colorado law, which would invalidate the clause. (ECF No. 25 at 5.) However, in *Albemarle*, "the [forum-selection] clause . . . include[d] language that English law, not American federal law, must be applied," and the Fourth Circuit thus applied English interpretive principles. 628 F.3d at 651. No such language exists in this matter's forum-selection clause. Indeed, only Virginia — not Colorado — is referenced by the employment agreement and the First Amendment thereto. Therefore, federal law governs interpretation of the forum-selection clause. And as to federal law, governing Supreme Court precedent provides that forum-selection clauses are prima facie valid unless the objecting party can prove that enforcement of the clause would be unreasonable. *M.S. Bremen*, 407 U.S. at 10.

5

A forum-selection clause qualifies as "unreasonable" if: (1) the formation of the clause was procured by fraud or overreaching; (2) the complaining party will be deprived of their day in court, because of the inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene a strong public policy of the state. *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991). The party challenging a forum-selection clause as unreasonable bears a "heavy burden of proof." *M/S Bremen*, 407 U.S. at 15, 17.

Here, Defendant maintains that this case implicates two grounds for finding a clause unreasonable — fraud or overreaching and the public policy of the forum state. (ECF No. 14 at 8–9.) He argues that the forum-selection clause was procured by fraud or overreaching, because it violates relevant Colorado state law that restricts the ability of employers to use non-compete agreements, an argument that creates a version of fraud *per se*. (*Id.*) And, due to this law, Defendant notes that the forum-selection clause violates a strong public policy of the state, which further indicates the clause's unreasonableness. (*Id.*) Lastly, the Court construes Defendant's briefing to suggest that unequal bargaining power likewise infected the employment agreement home to the forum-selection clause at issue here. (*Id.* at 3.) These arguments, however, do not render the forum-selection clause unreasonable.

Even if the Court takes for granted that the forum-selection clause violates a Colorado statute, that does not render the forum-selection clause one procured by fraud or overreach. Generally, fraud and overreach require showing that the defrauded party reasonably relied on a misrepresentation. *Hipage Co., Inc. v. Access2Go, Inc.*, 589 F. Supp. 2d 602, 612 (E.D. Va. 2008); *Kentwool Co. v. NetSuite, Inc.*, 2014 WL 12681605, at *3 (D.S.C. Dec. 1, 2014). Here,

6

Defendant has not alleged that he was fraudulently induced to enter into his Employment Agreement or the First Amendment. He has likewise failed to provide any precedential authority conflating a statutory violation with fraud or overreach. Nor has Defendant adequately pleaded that the forum-selection clause was fraudulent due to unequal bargaining power. He constitutes a white-collar professional with the means to review the at-issue contract personally or hire a legal professional to do so. In any event, unequal bargaining power requires more than could even theoretically exist here, as the Supreme Court has upheld a forum-selection clause between a large corporation and a passenger, despite the unequal positions of the two parties. *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 590–95 (1991). Accordingly, Defendant has failed to carry the heavy burden that he bears when attempting to withstand the effect of a forum-selection clause.

Defendant's alternative theory suggests that the forum-selection clause is unreasonable, because it violates important Colorado public policy. (ECF No. 14 at 9.) This reflects a misunderstanding of the inquiry, which centers on the public policy of the forum state — here, Virginia — not on the public policy of the state where the contract was negotiated. *M/S Breman*, 407 U.S. at 10; *Albemarle*, 628 F.3d at 650. And the Virginia Supreme Court, like the United States Supreme Court, has held that forum-selection clauses are prima facie valid and should be enforced unless the party challenging enforcement establishes that those provisions are unfair, unreasonable or affected by fraud or unequal bargaining power. *Paul Bus. Sys., Inc. v. Canon U.S.A., Inc.*, 397 S.E.2d 804, 808 (Va. 1990). As such, enforcing the forum-selection clause at issue here is reasonable, as it does not violate the forum's — Virginia — public policy.

Accordingly, the Court concludes that the forum-selection clause is enforceable, vesting the Court with venue. As such, the Court DENIES Defendant's Motion to Dismiss for Improper Venue (ECF No. 13).

### C. The Public-Interest Factors Do Not Weigh in Favor of Transferring to the District of Colorado

Even if the forum-selection clause is enforceable, the Court retains the power to transfer the case pursuant to 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, [and] in the interest of justice." This constitutes the alternative path that Defendant moves the Court to take. Because the Court has confirmed the forum-selection clause's validity, it need only consider public interest factors related to enforcing the forum-selection clause to determine whether transfer would be in the interest of justice. *See Atl. Marine Const. Co.*, 571 U.S. 49, 64 (2013) ("[A] court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests."). These public-interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981).

The balance of these factors does not indicate that transferring the case would be in the interest of justice, as they do not transform this case into the "unusual case" where a valid forum-selection clause does not control. *Atl. Marine Const. Co.*, 571 U.S. at 64. First, Defendant has not described any concerns related to court congestion. Second, while much of this litigation remains local to Colorado, Plaintiff is local to Virginia, as the Commonwealth constitutes its place of incorporation, "and Virginia has an interest in providing a forum for its residents to litigate their disputes." *Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660,

670 (E.D. Va. 2010). Thus, the second factor weighs neutrally at best. The third factor — litigating the case in a forum that is at home with the law — likewise weighs neutrally. At this point, the Court has not made a determination on choice of law. Should Virginia law ultimately be applied, the factor would weigh against Defendant, and if Colorado law eventually governs this case, the inverse would be true. However, speculation about which law will apply cannot justify transfer under 28 U.S.C. § 1404(a). Accordingly, the Court concludes that the balance of the public interest factors weighs against Defendant and thus DENIES Defendant's Motion to Transfer to the District of Colorado, (ECF No. 13).

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss for Improper Venue, (ECF No. 13), as an enforceable forum-selection clause properly lays venue in the Eastern District of Virginia. Likewise, the Court DENIES Defendant's Motion to Transfer to the District of Colorado, (ECF No. 13), because factors governing transfer under § 1404(a) in the presence of a valid-forum selection clause do not weigh toward transfer.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: April 11, 2024