IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| BDO USA, P.C., | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 3:24-CV-012-DJN |
| CALEB CRANDELL, | ) |
| Defendant. | ) |

**PLAINTIFF BDO USA, P.C.'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT CALEB CRANDELL'S COUNTERCLAIMS**

Plaintiff BDO USA, P.C. ("Plaintiff" or "BDO") files this Answer to Defendant Caleb Crandell's ("Defendant" or Crandell") Counterclaims.

## FACTUAL ALLEGATIONS

1. BDO admits the allegations contained in Paragraph 1.

2. BDO admits that Defendant was hired to work in the Denver office of BDO. BDO is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 2, and therefore denies the remaining allegations.

3. BDO admits that in April 2023, the partners voted to approve BDO's conversion from a partnership to a professional corporation. BDO denies the remaining allegations in Paragraph 3.

4. BDO denies the allegations contained in Paragraph 4.

5. BDO denies the allegations contained in Paragraph 5.

6. BDO denies the allegations contained in Paragraph 6.

7. BDO admits it presented Defendant with the BDO Partner/Principal Employment Agreement, Exhibit 2 to the Complaint. BDO denies the remaining allegations contained in Paragraph 7.

8. BDO admits that in early August 2023, the firm held an all-partner meeting in Orlando, Florida. BDO denies the remaining allegations contained in Paragraph 8.

9. BDO admits that the Agreement Regarding Competition and Protection of Proprietary Restrictions is attached as Exhibit A to the BDO Partner/Principal Employment Agreement and that its acceptance was a condition of Crandell's employment. BDO denies the remaining allegations contained in Paragraph 9.

10. Paragraph 10 states a legal conclusion to which no response is required. To the extent a response is required, BDO denies the allegations contained in Paragraph 10.

11. Paragraph 11 states a legal conclusion to which no response is required. To the extent a response is required, BDO denies the allegations contained in Paragraph 11.

12. BDO denies the allegations contained in Paragraph 12.

13. BDO is without information sufficient to form a belief as to the truth of allegations and picture presented in Paragraph 13, and therefore denies the allegations contained in Paragraph 13.

14. BDO is without information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and picture presented in Paragraph 13, and therefore denies the allegations contained in Paragraph 14.

15. BDO admits that Crandell resigned from BDO, and denies the remaining allegations contained in Paragraph 15.

16. BDO admits that Defendant resigned. BDO denies the remaining allegations contained in Paragraph 16.

17. BDO denies the allegations contained in Paragraph 17.

18. BDO admits that Defendant no longer had access to BDO systems as of his last day worked for BDO. BDO denies the remaining allegations contained in Paragraph 18.

19. BDO denies the allegations contained in the first sentence of Paragraph 19, and is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 19 and therefore denies them.

20. BDO denies the allegations contained in the first sentence of Paragraph 20, and is without sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 20 and therefore denies them.

21. BDO denies the allegations contained in Paragraph 21.

***Plaintiff's Refusal to Pay Amounts Owed Defendant.***

22. BDO admits that it has withheld and deferred certain payment of proceeds consistent with its legal right to do so. BDO denies the remaining allegations contained in Paragraph 22.

23. BDO denies the remaining allegations contained in Paragraph 23.

24. BDO admits that some proceeds from the BDO Wealth Advisors sale were distributed at the end of January 2024. BDO denies the remaining allegations contained in Paragraph 24.

25. BDO admits that it provided Crandell with tax records. BDO denies the remaining allegations contained in Paragraph 25.

26. BDO admits that Defendant emailed BDO on January 28, 2024, which email speaks for itself. BDO denies the remaining allegations contained in Paragraph 26.

27. BDO admits that Defendant's counsel sent a letter to BDO on February 5, 2024, which letter speaks for itself. BDO denies the remaining allegations contained in Paragraph 27.

28. BDO admits that it responded to the Crandell's letter on February 12, 2024, which letter speaks for itself. BDO denies the remaining allegations contained in Paragraph 28.

## CLAIMS FOR RELIEF

### COUNT I
### (Breach of Contract)

29. BDO hereby incorporates its answers to each of the foregoing paragraphs as though fully set forth herein.

30. BDO denies the allegations contained in Paragraph 30.

31. BDO admits the allegations contained in Paragraph 31.

32. BDO denies the allegations contained in Paragraph 32.

33. BDO denies the allegations contained in Paragraph 33.

34. BDO admits that it has withheld and deferred certain payment of proceeds consistent with its legal right to do so. BDO denies the remaining allegations contained in Paragraph 34.

35. BDO denies the allegations contained in Paragraph 35.

36. BDO denies the allegation contained in Paragraph 36 that Defendant is entitled to any relief.

### COUNT II
### (Breach of Colorado Revised Statute § 8-2-113)

37. BDO admits that it presented Defendant with Exhibit A to the BDO Partnership/Principal Employment Agreement and First Amendment. BDO denies the remaining allegations and legal conclusions contained in Paragraph 37.

4

38. BDO admits that it presented Defendant with the Amended and Restated Partnership Agreement, Exhibit 1 to the Complaint. BDO denies the remaining allegations and legal conclusions contained in Paragraph 38.

39. BDO denies the allegations contained in Paragraph 39.

40. BDO denies the allegations contained in Paragraph 40.

41. BDO denies the allegations contained in Paragraph 41, and further denies that Defendant is entitled to any relief.

## DEFENDANT'S PRAYER FOR RELIEF

BDO denies that Defendant is entitled to any judgment in his favor, any damages, or any relief.

## AFFIRMATIVE DEFENSES

BDO asserts the following affirmative defenses to the counterclaims without assuming any burden of proof that would otherwise rest on Crandell.  BDO reserves the right to assert additional affirmative defenses as facts are discovered in the proceedings.  Subject to and without waiving BDO's denial of Defendant's allegations, BDO further pleads the following affirmative defenses:

### *First Affirmative Defense*

Crandell's counterclaims are barred in whole or in part on the ground that they fail to state a claim upon which relief may be granted.

### *Second Affirmative Defense*

Crandell's counterclaim under Colo. Rev. Stat. § 8-2-113 is barred in whole or in part because the BDO Partner/Principal Employment Agreement is not a covenant not to compete subject to Colo. Rev. Stat. § 8-2-113.

### *Third Affirmative Defense*

Crandell's counterclaim for breach of contract claim is barred in whole or in part because he has caused BDO financial loss or damage, the extent of which has not yet been assessed and satisfied, and BDO has a contractual right to defer payment until said financial loss or damage has been satisfied.

### *Fourth Affirmative Defense*

Crandell's counterclaims are barred and/or relief may be limited due to after-acquired evidence of Crandell's on-the-job and employment-related misconduct.

### *Fifth Affirmative Defense*

Crandell's counterclaims are barred in whole or in part by the equitable doctrines of unclean hands, waiver, abandonment, laches, estoppel, and/or other equitable defenses.

### *Sixth Affirmative Defense*

Crandell's counterclaims for damages are barred to the extent that he has failed to mitigate his damages, and Crandell's damages must be offset by all amounts earned in other employment as mitigation.

### *Seventh Affirmative Defense*

Crandell's counterclaim for attorney's fees under Colo. Rev. Stat. § 8-2-113(8)(b) is barred as the BDO Partner/Principal Employment Agreement is not a covenant not to compete under Colo. Rev. Stat. § 8-2-113.

### *Eighth Affirmative Defense*

Crandell's counterclaims are barred in whole or in part by Crandell's preceding breach of his contractual obligations and duties owed to BDO.

*Ninth Affirmative Defense*

Crandell's counterclaims are barred, in whole or in part, by the doctrines of ratification and/or consent.

*Tenth Affirmative Defense*

Crandell's counterclaims are barred in whole or in part because BDO acted in good faith and with reasonable belief that all of BDO's conduct was lawful.

Dated:  May 16, 2024                                                **McDERMOTT WILL & EMERY LLP**

 /s/ Julie H. McConnell
Julie H. McConnell (Va. Bar No. 1032352)
500 North Capitol Street, NW
Washington, DC 20001-1531
Tele:  +1 202 756 8000
Fax: +1 202 756 8087
jmcconnell@mwe.com

Michael Sheehan (admitted *pro hac vice*)
Brian Mead (admitted *pro hac vice*)
Barrick Bollman (admitted *pro hac vice*)
444 W. Lake Street, Suite 4000
Chicago, IL 60654
Tele:  + 1 312 372 2000
Fax: + 1 312 277 2366
msheehan@mwe.com
bmead@mwe.com
bbollman@mwe.com

Mark D. Meredith (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, NY 10017
Tele: +1 212 547 5400
Fax: +1 646 417 7688
mmeredith@mwe.com

*Attorneys for Plaintiff BDO USA, P.C.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, May 16, 2024, I served the foregoing document via the Court's CM/ECF system to all attorneys of record in this action.

/s/ Julie H. McConnell
Julie H. McConnell