# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| BDO USA, P.C., | ) |
|               Plaintiff, | ) |
| v. | ) Case No. 3:24-cv-00012 |
| Caleb Crandell, | ) |
|               Defendant. | ) |

**[PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER**

WHEREAS, Plaintiff BDO USA, P.C. ("Plaintiff") and Defendant Caleb Crandell ("Crandell") (each, a "Party," and collectively, the "Parties") request this Court to issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) with respect to discovery in connection with the above-captioned litigation;

WHEREAS, the Parties agree to the following terms;

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this litigation;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participate with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1

1. The term "Discovery Information" refers to documents, deposition testimony, deposition exhibits, deposition transcripts, written responses to discovery requests, responses to interrogatories, responses to requests to admit and responses to requests for documents, and any other information or material produced, given or exchanged by the Parties to this Action or by third parties shall be handled in accordance with this Order.

2. The term "Confidential" shall mean any Discovery Information that the Party producing or disclosing Discovery Information (each, a "Producing Party") reasonably and in good faith believes contains or reflects private or confidential information (including but not limited to medical records and Protected Health Information under HIPAA, and personal financial/economic information), and/or where it contains commercially sensitive financial or business information that the Producing Party has treated as confidential in the ordinary course of business.

3. The Term "Confidential-Attorneys' Eyes Only" shall mean any Discovery Information that the Producing Party reasonably and in good faith believes contains the Producing Party's trade secrets; competitively sensitive technical, marketing, financial, sales, customer, or other proprietary or confidential business information; or any other information that would put the Producing Party at a competitive disadvantage if the information became known to employees of the Receiving Party or third parties.

4. With respect to Confidential Discovery Information other than deposition transcripts and exhibits, the Producing Party may designate such portion as "Confidential" by stamping or otherwise clearly affixing the legend "CONFIDENTIAL" and "Confidential-Attorneys Eyes Only" by stamping or otherwise clearly affixing the legend "ATTORNEYS EYES ONLY" to each page that contains the protected portion in a manner that will not interfere with legibility or audibility. For information produced in some form other than documentary and for

any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY." Upon being notified that Discovery Information designated "Confidential" or "Attorneys Eyes Only" will be used in a public filing, the Producing Party will have at least three (3) business days prior to the filing to provide a copy of any such Discovery Information with the confidential information redacted therefrom, unless otherwise agreed upon by the Parties.

5. Any Discovery Information, or portions thereof, designated "Confidential" or "Attorneys Eyes Only" shall be treated in a strictly confidential manner and shall be disclosed only pursuant to the terms of this Order.

6. This Order binds the Parties and certain others to treat as "Confidential" or "Attorneys Eyes Only" any Discovery Information so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Information, and retains full discretion to determine whether to afford confidential treatment to any Discovery Information designated as "Confidential" hereunder.

7. In filing "Confidential" or "Attorneys Eyes Only" Discovery Information with this Court, or filing portions of any pleadings, motions or other papers that disclose such "Confidential" or "Attorneys Eyes Only" Discovery Information ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 5(C) of the Local Rules of the United States District Court for the Eastern District of Virginia, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court. In accordance with Rule 5(C) of the Local Rules of the United States District Court for the Eastern District of Virginia, any Party that

seeks to file "Confidential" or "Attorneys' Eyes Only" Discovery Information under seal must file a motion requesting the sealing of such documents.

8. Before disclosing "Confidential" or "Attorneys' Eyes Only" Discovery Information to any Qualified Recipient pursuant to Paragraph 10 or 11 hereof respectively, counsel must provide a copy of this Order to such person who must agree to be bound by its terms.

9. "Confidential" or "Attorneys' Eyes Only" Discovery Information shall be provided only to the receiving Party's counsel (including counsel's staff). Such "Confidential" or "Attorneys' Eyes Only" Discovery Information may then be disclosed by the receiving Party's counsel to "Qualified Recipients" as defined in Paragraphs 10 or 11 hereof, respectively, subject to the restrictions contained in this Order.

10. The following are "Qualified Recipients" of "Confidential" Discovery Information:

 a. the named Parties to this action, and in the case of Plaintiff, this includes any of their respective (current or former) employees, partners, agents, counsel, attorneys, representatives, parents, subsidiaries, affiliates, predecessors, successors and assigns to whom it is reasonably necessary to disclose the "Confidential" Discovery Information for this litigation;

 b. counsel for the named Parties to this action (including counsel's staff);

 c. any independent experts or litigation consultants retained by the named parties to assist in this action;

 d. outside vendors or service provides (such as copy-service providers and document-management consultants) that counsel engage in connection with this action;

4

    e. any third-party mediator selected by the parties or assigned to assist by the Court, including their administrative staff;

    f. the Court, Court personnel and court reporters;

    g. any person identified, either on the face of the documents or through testimony or discovery response, as an author, subject or recipient of the documents in the ordinary course of business, provided that the use or disclosure is limited to said documents or information derived therefrom; and

    h. persons or entities noticed or reasonably expected to be noticed for depositions or designated as trial witnesses, and their counsel only to the extent such access is reasonable and in good faith deemed necessary by counsel for any of the parties: (1) to adequately prepare such deponents and witnesses to testify, or (2) for the purpose of obtaining relevant testimony from such deponents or witnesses.

No person having access to any "Confidential" Discovery Information shall disclose in any manner its contents to any person other than to those persons specifically identified in Paragraphs 10(a) through 10(h) above, and no such disclosure shall be made for any purpose other than those specified in this Order.

    11. The following are "Qualified Recipients" of "Attorneys Eyes' Only" Discovery Information:

    a. counsel for the named Parties to this action (including counsel's staff);

    b. any independent experts or litigation consultants retained by the named parties to assist in this action;

      c. outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel engage in connection with this action;

      d. any third-party mediator selected by the parties or assigned to assist by the Court, including their administrative staff;

      e. the Court, Court personnel and court reporters;

      f. any person identified, either on the face of the documents or through testimony or discovery response, as an author or recipient of the documents in the ordinary course of business provided that the use or disclosure is limited to said documents or information derived therefrom.

No person having access to any "Attorneys' Eyes Only" Discovery Information shall disclose in any manner its contents to any person other than to those persons specifically identified in Paragraphs 11(a) through 11(h) above, and no such disclosure shall be made for any purpose other than those specified in this Order.

      12. Any third-party producing Discovery Information voluntarily or pursuant to a subpoena or a court order may designate such Discovery Information in the same manner and shall receive the same level of protection under this Order as any Party to this action. A third party's use of this Order to protect its confidential information does not entitle that third party to gain access to "Confidential" Discovery Information produced by any Party or other third party in this action.

      13. No Party concedes that any information designated by any other person as "Confidential" or "Attorneys' Eyes Only" does in fact contain or reflect confidential information as defined herein. A Party shall not be obliged to challenge the proprietary nature of the designation of information as confidential information at the time made, and failure to do so shall not preclude

a subsequent challenge thereof whether during the pendency of this litigation or afterwards. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 37 of the Local Rules of the United States District Court for the Eastern District of Virginia. The Party seeking to uphold a "Confidential" or "Attorneys' Eyes Only" designation shall bear the burden of establishing good cause for maintaining such designation. The designated information at issue shall continue to be treated as "Confidential" or "Attorneys' Eyes Only" until the Court orders otherwise.

14. In the event that the designating Party inadvertently fails to stamp or otherwise designate Discovery Information as "Confidential" or "Attorneys' Eyes Only" at the time of its disclosure, the designating Party shall not be deemed to have waived its right to designate the Discovery Information as "Confidential" or "Attorneys' Eyes Only."  Any inadvertent or unintentional disclosure shall not preclude the Producing Party from later designating such information as "Confidential" or "Attorneys' Eyes Only," provided that it shall not be considered a violation of this Order to disclose such undesignated Discovery Information any time prior to the Producing Party's designation of such information as "Confidential" or "Attorneys' Eyes Only."

15. Inadvertent failure to designate Discovery Information as "Confidential" or "Attorneys' Eyes Only" at the time of production may be remedied by means of supplemental written notice and the provision of copies of properly stamped documents within two business days after providing such notice. However, should a receiving Party disclose any document furnished to it in the period between the document's disclosure to the receiving Party and the time

the document is designated as "Confidential" or "Attorneys' Eyes Only" by the Producing Party, no violation of this Order shall result. Upon receipt of such notice, the Parties shall treat all documents, materials or testimony so designated pursuant to the terms of this Order.

16. The Parties agree that pursuant to Federal Rule of Evidence 502 (b), (d) and (e), the inadvertent disclosure of any document that is subject to a legitimate claim that the document is subject to the attorney-client privilege or the work-product protection shall not waive the protection or the privilege for either that document or for the subject matter of that document. Any Party that receives such materials shall, upon written request setting forth the basis for a claim of attorney-client privilege or work product protection and representing that the disclosure was inadvertent, immediately return or destroy and certify destruction to the Producing Party such materials and all copies thereof.

17. The completion of discovery in this litigation shall not relieve a Party from its obligations under this Order.

18. Subject to the Court's rules and procedures, this Order shall not restrict in any manner the right of any Party to offer or use as evidence at the trial of this action any of the Discovery Information designated "Confidential" or "Attorneys' Eyes Only" which is subject to this Order. To the extent any Party seeks to keep and maintain the confidentiality of such material at trial, such Party may, in advance of trial, apply to the Court for such treatment along with a showing of good cause. In the event the Court enters such an order providing for confidential treatment of any material at trial, no Party shall argue, question, or imply in any way, before a jury or other trier of fact, that the designation of such material as "Confidential" or "Attorneys' Eyes Only" under this Order is improper or suspicious or that any adverse inferences may be drawn from such designation. Nothing in this Order shall be construed to affect the evidentiary

admissibility or inadmissibility of any Discovery Information designated "Confidential" or "Attorneys' Eyes Only."

19. Within 60 days of the conclusion of the litigation (including any appeal), all "Confidential" or "Attorneys' Eyes Only" Discovery Information as well as any copies, excerpts or summaries thereof (other than its own confidential information), shall be destroyed or returned to the Producing Party. Notwithstanding this provision, counsel of record may retain archival copies of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence and attorney work product, even if such materials contain Discovery Information designated "Confidential" or "Attorneys' Eyes Only."  Counsel of record for any Party receiving Discovery Information designated "Confidential" or "Attorneys' Eyes Only" shall certify within 60 days of the conclusion of the litigation to counsel for the producing or disclosing Party that the provisions of this paragraph have been complied with. The provisions of this Order shall not terminate with the disposition of this action.

20. Nothing in this Order will prevent any Party from producing any Confidential Discovery Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

21. This Order shall not constitute a waiver of any Party's or non-party's right to oppose any discovery request or object to the admissibility of any Discovery Information. Nothing in this

Order shall prejudice any Party or non-party from seeking amendments to this Order broadening or restricting the rights of access to and use of confidential information hereunder, or other modifications, subject to order by the Court.

22. The Parties declare that they fully understand and agree to the terms and conditions of this Order.

23. Nothing in this Order is intended to modify any pre-existing agreement or stipulation previously entered into by any Party or third party.

24. If any provision or term of this Order should be determined to be or rendered invalid or unenforceable, all other provisions and terms of this Order and the application thereof to all Parties and circumstances subject thereto shall remain unaffected to the extent permitted by law.

25. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for contempt thereof.

AGREED TO BY:

Dated:  May 20, 2024                                                          Respectfully Submitted,


| | |
|---|---|
| */s/ Julie H. McConnell*<br>Julie H. McConnell (Va. Bar No. 1032352)<br>McDermott Will & Emery LLP<br>500 North Capitol Street, NW<br>Washington, DC 20001-1531<br>Tele:  +1 202 756 8000<br>Fax: +1 202 756 8087<br>jmcconnell@mwe.com<br><br>*Attorneys for Plaintiff BDO USA, P.C.* | */s/ Tiffany Joseph Goodson*<br>Tiffany Joseph Goodson (Va. Bar No. 81687)<br>HKM Employment Attorneys LLP<br>3033 Wilson Boulevard, Suite 763<br>Arlington, VA 22201<br>Tele:  +1 202 919 5952<br>Fax:  +1 202 919 5953<br>tjosephgoodson@khm.com<br><br>*Attorneys for Defendant Caleb Crandell* |

SO ORDERED.

Dated: _____     _____
                                          David J. Novak
                                          United States District Judge